**WO**  KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter V. Rodenhurst, III, | No. CV 08-1655-PHX-GMS (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Corrections Corporation of America, et al., | |
| Defendants. | |

Plaintiff Walter V. Rodenhhurst, III, who is confined in the Corrections Corporation of America–Saguaro Correctional Center, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $20.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief

**JDDL-K**

against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

Plaintiff names 33 individuals as Defendants to the Complaint as well as "John and/or Jane Does 1-10."  Plaintiff appears to raise seven grounds for relief which stem from his inability to consistently obtain his prescribed medical diet and medications. Plaintiff seeks money damages and injunctive relief.

**IV.    Failure to Use Court-Approved Form**

Local Rule of Civil Procedure 3.4(a) requires that "complaints . . . by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court."  Plaintiff has not filed his Complaint on a court-approved form but has instead submitted a lengthy factual narrative followed by seven conclusory "causes of action." The Court will dismiss the Complaint with leave to file an amended Complaint on the court-approved form.

**V.     Failure to State a Claim**

    **A.     Statute of Limitations and Venue**

In § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. See Ariz. Rev. Stat. § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478.

Plaintiff filed the present action on September 8, 2008. That means that to comply with the two-year statute of limitations, Plaintiff's claims must have accrued on or after September 8, 2006. A large portion of Plaintiff's factual allegations concern medical treatment he received while incarcerated in the Halawa Correctional Facility in Hawaii from 2003 to 2006. These allegations appear to be barred by the statute of limitations.

**B.     Medical Claims**

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104). The harm need not be substantial. Id. (citing Estelle, 429 U.S. at 104).

Medical malpractice or negligence is insufficient to establish a violation. Toguchi, 391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not

1  violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure
2  to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett,
3  429 F.3d at 1096. A difference in medical opinion also does not amount to deliberate
4  indifference. Toguchi, 391 F.3d at 1058. To prevail on a claim involving choices
5  between alternative courses of treatment, a prisoner must show that the chosen course was
6  medically unacceptable under the circumstances and was chosen in conscious disregard
7  of an excessive risk to the prisoner's health. Id.
8       In this case, Plaintiff's lengthy factual description of his medical treatment from
9  2003 to the present suggests that Plaintiff received substantial medical treatment, but that
10 that treatment did not consistently conform to what he believed he should receive and that
11 he was frequently unable to see his preferred physician. This is not sufficient to establish
12 a claim of medical deliberate indifference. Moreover, to the extent that Plaintiff's
13 allegations arise from negligent acts of the Defendants, negligence is insufficient to
14 establish an Eighth Amendment violation.

15 **VI.     Leave to Amend**

16      For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to
17 state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a
18 first amended complaint to cure the deficiencies outlined above. The Clerk of Court will
19 mail Plaintiff a court-approved form to use for filing a first amended complaint. If
20 Plaintiff fails to use the court-approved form, the Court may strike the amended
21 complaint and dismiss this action without further notice to Plaintiff.
22      In any amended complaint, Plaintiff must write short, plain statements telling the
23 Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the
24 Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4)
25 how the action or inaction of that Defendant is connected to the violation of Plaintiff's
26 constitutional right; and (5) what specific injury Plaintiff suffered because of that
27 Defendant's conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).
28      Plaintiff must repeat this process for each person he names as a Defendant. If

JDDL-K                                     - 4 -

1 Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
2 injury suffered by Plaintiff, the allegation against that Defendant will be dismissed for
3 failure to state a claim.  Further, Plaintiff must comply with any specific directions set out
4 by the Court in its discussion of individual claims.  **Conclusory allegations that a**
5 **Defendant or group of Defendants have violated a constitutional right are not**
6 **acceptable, and will be dismissed.**
7 Plaintiff must clearly designate on the face of the document that it is the "First
8 Amended Complaint."  The first amended complaint must be retyped or rewritten in its
9 entirety on the court-approved form and may not incorporate any part of the original
10 Complaint by reference.  Plaintiff may include only one claim per count.
11 A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet,
12 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896
13 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original
14 complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised
15 in the original complaint is waived if it is not raised in a first amended complaint.  King v.
16 Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VII.   Warnings**

  **A.   Release**

19 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his
20 release.  Also, within 30 days of his release, he must either (1) notify the Court that he
21 intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to
22 comply may result in dismissal of this action.

  **B.   Address Changes**

24 Plaintiff must file and serve a notice of a change of address in accordance with
25 Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion
26 for other relief with a notice of change of address.  Failure to comply may result in
27 dismissal of this action.

  **C.   Copies**

1   Plaintiff must submit an additional copy of every filing for use by the Court.  See
2   LRCiv 5.4.  Failure to comply may result in the filing being stricken without further
3   notice to Plaintiff.

**D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $20.00.

(3)    The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is signed to file a first amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with

1 | prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

2 |     (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a
3 | civil rights complaint by a prisoner.

4 |     DATED this 10th day of October, 2008.

*G. Murray Snow*
United States District Judge